J-S07040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY WILLIAM JEWELL | : | |
| | : | |
| Appellant | : | No. 1202 MDA 2023 |

Appeal from the PCRA Order Entered July 28, 2023
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001029-2020

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED: AUGUST 30, 2024**

Gregory William Jewell appeals from the order dismissing his February 9, 2023 petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. Jewell's counsel has filed an application to withdraw as counsel and an ***Anders*** brief, which we treat as a ***Turner***/***Finley*** no-merit letter.[1] We conclude that Jewell's requested relief is not cognizable in the lower court, either under the PCRA or within the court's authority to correct an

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See Anders v. California***, 386 U.S. 738 (1967). Despite counsel's submission of an ***Anders*** brief, the proper mechanism when seeking to withdraw in PCRA proceedings is a ***Turner***/***Finley*** no-merit letter. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Notwithstanding this error, because an ***Anders*** brief provides greater protection to a criminal appellant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** no-merit letter. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

ambiguity in his judgment of sentence. We therefore affirm the dismissal on different grounds than the lower court[2] and grant counsel's application to withdraw.

As cogently summarized by the lower court:

On March 12, 2020, [Jewell] was charged with [b]urglary, [c]riminal [t]respass, [t]heft by [u]nlawful [t]aking, and [r]eceiving [s]tolen [p]roperty.

On January 11, 2022, [Jewell] pleaded guilty to … [b]urglary. [The lower court] sentenced [Jewell] according to the negotiated plea to two to four years in a state correctional institution, to … run concurrently with [Jewell's] sentences for burglaries out of Chester, Bucks, Clearfield, Cumberland, and Montgomery counties.

[Jewell] did not file an appeal to [this Court].

Trial Court Opinion, 10/11/23, at 1-2 (citations omitted) (formatting altered).

On February 9, 2023, Jewell filed, *pro se*, the instant petition. The lower court appointed counsel to litigate this petition. Shortly thereafter, counsel filed a **Turner**/**Finley** no-merit letter and petition to withdraw as counsel, the latter of which was granted by the court.

After the lower court issued a Rule 907 notice of its intention to dismiss Jewell's petition, **see** Pa.R.Crim.P. 907, and upon receiving no response thereto, the court dismissed Jewell's petition. Jewell correspondingly filed a timely *pro se* notice of appeal. Shortly thereafter, the court appointed new

---

[2] We are not bound by the rationale of the trial court and may affirm on any basis. **See Commonwealth v. Goodmond**, 190 A.3d 1197, 1202 n.4 (Pa. Super. 2018).

counsel for Jewell. Instead of filing a concise statement of errors complained of on appeal, *see* Pa.R.A.P. 1925(b), new counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

Prior to any substantive consideration of any claims that have been raised, we ascertain counsel's compliance with *Turner*/*Finley*. Counsel is required to thoroughly review the record before withdrawal on collateral appeal is permitted. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then obligated to submit a no-merit letter or brief (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. *See id*. This Court then must conduct its own independent review of the record to determine if the petition is meritless. *See id*. "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

After reviewing the record, we conclude that counsel has complied with the technical requirements of *Turner*/*Finley*. Counsel's letter to Jewell establishes that Jewell was fully apprised of his right to proceed *pro se* or with new counsel. *See* Letter from Counsel to Jewell, 12/22/23. The letter also indicates that Jewell received a copy of counsel's *Anders* brief, as well as counsel's petition to withdraw. *See id*. The petition, itself, demonstrates that

counsel performed "a conscientious examination of the relevant record[.]" Petition to Withdraw as Counsel, 12/22/23, at ¶ 4. However, counsel reached the conclusion that further pursuit of this appeal "would be frivolous." **Id**.

Despite this appeal being in **Turner**/**Finley** posture, we must address whether the relief that Jewell seeks is cognizable under the PCRA or is otherwise properly before the lower court. Counsel summarizes Jewell's contention as follows: "[his] main argument is that his constitutional rights were violated because the Pennsylvania Department of Corrections ["DOC"] illegally changed [his] sentence." **Anders** Brief, at 11.[3] In particular, Jewell alleged in his petition that although his two-to-four-year sentence was supposed to run concurrent with his Chester, Bucks, Clearfield, Cumberland, and Montgomery County sentences, DOC ran this sentence consecutive. **See** PCRA Petition, 2/9/23, at 4 ("I was sentence[d] to 2 to 4 years [with] RRRI [eligibility] to run [concurrent] with [sentences in] Cumberland County and Bucks County and Chester County[.] DOC said the [sentencing court] had no [authority] to make such [an] order. DOC illegally changed the initial sentencing order."). Jewell attached to his petition a Final Appeal Decision of

---

[3] Although Jewell raises only one discrete basis for relief in his PCRA petition, Jewell checked off three additional boxes on the form document, arguing: (1) ineffective assistance of counsel; (2) unlawful inducement in his guilty plea; and (3) the improper obstruction of government officials in the appellate process. **See** PCRA Petition, 2/9/23. Although the **Anders** brief broadly delves into these three additional possible bases for relief, **see Anders** Brief, at 14-16, Jewell's complete lack of inclusion as to these concerns in the body of his PCRA petition provides no discernable pathway to relief, and we presume them to be either abandoned or erroneously check marked.

the DOC's Office of Inmate Grievances & Appeals that rejected his claim that he had "maxed out of [his] sentence," noting that he had accrued "several parole violations" leading to the determination of the Pennsylvania Parole Board to set his maximum sentence date as May 15, 2028. *Id.*, Exhibit 11.

The PCRA provides that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies" for actions brought by individuals who contend that they were "convicted of crimes they did not commit" or that they are "serving illegal sentences." 42 Pa.C.S. § 9542. Our Supreme Court has explained that "the language of the PCRA clearly requires that an individual seeking relief from the judgment of sentence itself … pursue his request for relief through the PCRA." *Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016).

However, when a prisoner does not argue that an illegal sentence was imposed but instead contends that DOC has miscalculated his sentence based on an "ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." *Commonwealth v. Wheeler*, 314 A.3d 1286, 1289 (Pa. Super. 2024) (quoting *Commonwealth v. Wyatt*, 115 A.3d 876, 880 (Pa. Super. 2015)). Alternatively, "[i]f the alleged error is thought to be the result of an erroneous computation of sentence by [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging [DOC]'s computation." *Id.* (quoting *Wyatt*, 115 A.3d at 880); *see also* 42 Pa.C.S. § 761(a)(1) ("The Commonwealth

Court shall have original jurisdiction of all civil actions or proceedings ... [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]"); ***Commonwealth ex rel. Powell v. Department of Corrections***, 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (establishing that prisoner who seeks to compel DOC's proper computation of his sentence may file petition for writ of mandamus in Commonwealth Court).

In his petition, Jewell does not assert that the sentencing court imposed an illegal sentence or that there is an error or ambiguity in his sentencing order leading to DOC miscalculation. Our review of the record confirms that the sentencing court unambiguously directed Jewell's sentence "to run concurrent with the other sentences [he is] currently serving in Chester County, Bucks County, Clearfield County, Cumberland County and Montgomery County." Sentencing Order, 1/11/22, at 6; ***accord*** Commitment Order, 1/20/22. Instead, Jewell's claim is that "DOC illegally changed" his sentence in this case to run consecutive to his existing sentences from other counties. PCRA Petition, 2/9/23, at 4. Jewell's requested relief is thus not cognizable under the PCRA or in the sentencing court as a *habeas corpus* petition. Rather, to the extent he seeks relief from an alleged miscalculation by DOC, he may file a petition in Commonwealth Court's original jurisdiction. Therefore, as the lower court lacked jurisdiction to consider Jewell's claim, we affirm the dismissal of his February 9, 2023 petition without prejudice to Jewell seeking relief in the appropriate forum. ***See Wheeler***, 314 A.3d at 1289-90 (affirming denial of appellant's motion challenging DOC's misapplication of

sentencing order provision of credit for time served, where appellant did not allege that the sentencing order was illegal or ambiguous); **Wyatt**, 115 A.3d at 880 (same).[4]

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/30/2024

_____

[4] While we have authority to transfer this matter to the Commonwealth Court, **see** 42 Pa.C.S. § 5103(a), we decline to do so in this case as Jewell has already unsuccessfully sought mandamus relief in Commonwealth Court to compel DOC to run his various sentences concurrently. **See Jewell v. Little**, No. 488 MD 2022, 2023 WL 5274023 (Pa. Cmwlth., filed Aug. 16, 2023); **see also Wheeler**, 314 A.3d at 1290 n.8 (declining to transfer appeal to Commonwealth Court from denial of motion concerning DOC's alleged misapplication of credit for time served, where our sister court was prohibited from addressing original jurisdiction claims on appeal). It appears that Jewell also sought relief from the Pennsylvania Parole Board concerning the consecutive nature of his sentences, which the Board and Commonwealth Court found to lack merit. **See Jewells v. Pennsylvania Parole Board**, No. 950 CD 2022, 2023 WL 7271289 (Pa. Cmwlth., filed Nov. 3, 2023) (petition for review brought by "Gregorio Jewells" concerning same sentences).