J-S18041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARREN WHITE | : | |
| | : | |
| Appellant | : | No. 1125 WDA 2023 |

Appeal from the PCRA Order Entered September 5, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002804-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRIN WHITE | : | |
| | : | |
| Appellant | : | No. 1126 WDA 2023 |

Appeal from the PCRA Order Entered September 5, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008182-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARREN RAMON WHITE | : | |
| | : | |
| Appellant | : | No. 1127 WDA 2023 |

Appeal from the PCRA Order Entered September 5, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006991-2011

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

J-S18041-24

MEMORANDUM BY SULLIVAN, J.:              **FILED:  November 19, 2024**

Darren White ("White") appeals from the order dismissing his untimely petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Based on our disposition, we need not set forth the factual history in detail.  In August 2010, the trial court sentenced White to thirty months of probation following his conviction, at No. 8182-2010, for possession with intent to deliver a controlled substance ("PWID").[2]  ***See*** Order of Sentence, No. 8182-2010, 8/20/10.  In July 2011, White received a sentence of twenty-one months to forty-two months of imprisonment, following his conviction, at 2804-2011, for PWID.  ***See*** Order of Sentence, No. 2804-2011, 7/11/11.[3] Following this sentence, White was convicted of third-degree-felony escape,[4] at No. 6991-2011, and in August 2011, received a sentence of incarceration for fifteen to thirty months, to be served consecutively to the sentence for No. 2804-2011.  ***See*** N.T., 9/28/11, No. 6991-2011, at 12.  Lastly, White violated his probation at No. 8182-2010, and received a sentence of fourteen to thirty-

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See*** 35 P.S. § 780-113(a)(30).

[3] White received credit for 146 days of time served.  ***See*** Order of Sentence, No. 2804-2011, 7/11/11.  He also received a three-year term of probation for the same conviction.

[4] ***See*** 18 Pa.C.S.A. § 5121(a).

- 2 -

six months of imprisonment, to be served consecutively to the sentence at 6991-2011. **See** Probation Violation – Order of Sentence, No. 8182-2010, 7/8/2013.[5] In sum, White received an aggregate sentence across the dockets to fifty to 108 months of imprisonment, with credit for 146 days of time served.[6] **See also** Trial Ct. Op., 12/18/23, at 2-3 (setting forth the procedural history of these cases).

In the three cases relevant to this appeal, White later filed, in September 2022, a petition styled as a PCRA petition or, alternatively, a petition to enforce a plea agreement, or, alternatively, a petition for habeas corpus. **See** Amended Post Conviction Relief Act Petition, or in the Alternative, Petition to Enforce Plea Agreement, or in the Alternative, Petition for *Habeas Corpus*, 9/26/22 (hereinafter "Amended PCRA Petition"). Ultimately, the lower court, by agreement of the parties, granted White credit for time served for approximately thirty days, **see** Order, 8/1/23, but the court thereafter issued a notice of intent to dismiss the remainder of the petition, and then dismissed

---

[5] This Court affirmed White's judgment of sentence following his probation revocation at No. 8182-2010 on May 23, 2014. **See Commonwealth v. White**, No. 1286 WDA 2013, 2014 WL 10936789 (Pa. Super. May 23, 2014) (unpublished memorandum).

[6] We note that on September 6, 2017, White also received an aggregate sentence of, *inter alia*, sixty to one hundred twenty months of imprisonment for aggravated assault and possession of a firearm at No. CP-02-CR-3362-2016. **See** Docket, No. CP-02-CR-3362-2016 at 4. The docket indicates White was awarded 596 days credit for time served. **See id**. How this sentence relates to the sentences at issue here is unclear from the docket sheet; in any event, No. 3362-2016 is not at issue in this appeal

the petition. *See* Order, 9/5/23. White timely appealed. *See* Notice of Appeal, 9/21/23. Both White and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

White raises the following issues for our review:

1. Whether the PCRA court erred or abused its discretion in failing to grant [White's] requested relief under the PCRA, specifically the granting of time credit pursuant to negotiated plea agreements entered into between the Commonwealth and [White] at the listed criminal informations?

2. Whether [White] is due considerably more credit than the thirty [] days credit he has received[,] and the failing of granting the additional time credit has rendered [White's] sentence in this matter illegal?

3. Whether the PCRA court erred or abused its discretion in failing to grant [White] an evidentiary hearing in this matter.

White's Brief at 4.

We observe that all of White's issues hinge on the lower court's refusal to award credit for time served. This Court has recently explained the different claims prisoners may make with respect to credit for time served, and the appropriate mechanism for each claim:

If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required

- 4 -

by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Commonwealth v. Wheeler*, 314 A.3d 1286, 1289 (Pa. Super. 2024) (internal citation omitted).

As a prefatory matter, we note that White does not assert there is an ambiguity in the sentence imposed by the trial court; accordingly, a writ of *habeas corpus ad subjiciendum* is not the appropriate mechanism for advancing White's claim. *See id*. at 1289. Additionally, to the extent that White's brief can be construed to encompass the issue of enforcement of a plea agreement, White has waived this issue. While White has cited to pertinent authority, White's argument is nevertheless underdeveloped. As shown above, White was sentenced in three cases at three different times, not including the sentence following the revocation of his probation at No. 8182-2010. White seeks specific enforcement but neglects to state the particular term of which plea agreement for which he seeks specific performance. *See* White's Brief at 14-15; *Commonwealth v. McDermitt*, 66 A.3d 810, 814 (Pa. Super. 2013) (stating that undeveloped claims are waived and unreviewable on appeal); *Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013) (holding that once a defendant "violate[s] the terms of his probation, he . . . forfeit[s] the benefit of the expectations that induce his plea, and [is] able to be legally sentenced to the maximum allowed by statute").

Insofar as White asserts the illegality of his sentence, we set forth the standard of review for an order dismissing a PCRA petition, which is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted). *See also Commonwealth v. Towles*, 300 A.3d 400, 417 (Pa. 2023).

To be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). Thus, as soon as a petitioner's sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. *See Commonwealth v. Plunkett*, 151 A.3d 1108, 1109-10 (Pa. Super. 2016).

Our review discloses that there is no dispute that White has completed his maximum sentences for the cases at issue in this appeal. Notably, White concedes that he is no longer serving the sentences imposed at these dockets as of April 2023, which is prior to the disposition of his petition, and also prior to the filing of his notice of appeal to this Court. *See* White's Brief at 18, 20. Accordingly, White is ineligible for relief. *See Plunkett*, 151 A.3d at 1109-10. For this reason alone, the PCRA court did not err in dismissing White's petition insofar as he sought relief pursuant to the PCRA. *See Towles*, 300 A.3d at 417 (stating this Court may affirm a valid order for any reason appearing as of record).

However, even if White were eligible for relief, he would still need to file a timely petition or state an exception to the PCRA's time bar. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Here, the PCRA court concluded that White's petition was untimely because it was filed in 2022, and, of the three cases involved here, the last one became final in 2014 following this Court's affirmance of his probation revocation sentence at No. 8182-2010. **See** PCRA Ct. Op., 12/18/23, at 6-7.

Following our review, we conclude the record supports the PCRA court's findings, and the court committed no error of law. We note this Court affirmed White's judgment of sentence following his probation revocation at No. 8182-2010 on May 23, 2014. **See White**, No. 1286 WDA 2013, 2014 WL 10936789. White did not petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence in that case became final on June 23, 2014. **See Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (holding that a judgment of sentence becomes final thirty days after affirmance by this Court if no petition for allowance of appeal is filed within thirty days). In No. 2804-2011, White was sentenced on July 11, 2011, and took no appeal; therefore, his judgment of sentence became final on August 10, 2011. **See Commonwealth v. Ballance**, 203 A.3d 1027, 1032 (Pa. Super. 2019) (citing Pa.R.A.P. 903 and holding that judgment of sentence becomes final thirty days later if no appeal is taken). In No. 6991-2011, White was sentenced on September 28, 2011; the trial court denied his post-sentence motion to withdraw his guilty plea on October 28, 2011; and White took no appeal. Accordingly, his judgment of sentence became final on November 27, 2011. **See id**. (noting that a timely post-sentence motion will

toll the thirty-day appeal period until the disposition of the motion). As White's petition was filed well after the PCRA's one-year jurisdictional requirement expired for each of these cases, and he fails to show which exception to the time bar applied, he is due no relief. ***See Albrecht***, 994 A.2d at 1093; ***Commonwealth v. McCready***, 295 A.3d 292, 298 (Pa. Super. 2023) (stating there is no absolute right to an evidentiary hearing for a PCRA petition).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

**DATE: 11/19/2024**