J-A05014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC CONROY | : | |
| | : | |
| Appellant | : | No. 584 WDA 2024 |

Appeal from the PCRA Order Entered April 10, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013617-2006

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.:          **FILED: February 19, 2025**

Dominic Conroy (Appellant) appeals from the order dismissing his counseled "Motion for Time Credit," which the court below construed as his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A detailed recitation of the underlying factual history is unnecessary for disposition of the instant appeal. In short, the Commonwealth alleged that, between June 29 and July 24, 2006, Appellant committed, and videotaped, numerous sexual assaults against his 15-year-old biological daughter. *See* N.T., 5/29/07, at 5, 11. The Commonwealth further alleged that Appellant used an intercept device to "record[] all of the telephone conversations coming into and out of" Appellant's residence, without the consent of any of the parties to the telephone calls. *Id.* at 11-12. On July 24, 2006, the Commonwealth

*Retired Senior Judge assigned to the Superior Court.

filed a 57-count criminal information charging Appellant with, *inter alia*, statutory sexual assault, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, incest, endangering the welfare of children, unlawful interception of communications, corruption of minors, and unlawful contact with a minor.[1]

On May 29, 2007, Appellant pled guilty to one count each of the above-described offenses. That same date, the trial court sentenced Appellant to an aggregate term of 18 to 36 years in prison, pursuant to the parties' negotiated sentence agreement.[2] On July 5, 2007, Appellant, *pro se*, filed an untimely post-sentence motion seeking modification of his sentence.[3] Appellant did not file a direct appeal.

---

[1] 18 Pa.C.S.A. §§ 3122.1, 3123(a)(7), 3125(a)(8), 3126(a)(8), 4302, 4304(a), 5703(1), 6301(a)(1), 6318(a)(1).

[2] Anthony J. Lalama, Esquire (Attorney Lalama), represented Appellant at his guilty plea and sentencing hearings.

[3] The trial court took no action on Appellant's post-sentence motion. Nevertheless, as Appellant was represented by counsel, his *pro se* post-sentence motion was a legal nullity. **See Commonwealth v. Vinson**, 249 A.3d 1197, 1204 (Pa. Super. 2021) ("[W]hen a defendant is represented by counsel the courts will not accept *pro se* motions; indeed[,] in such a situation, *pro se* motions have no legal effect." (citation omitted)). Further, an untimely post-sentence motion does not toll the 30-day direct appeal period. **See** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); *id.* 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence….").

On April 29, 2014, over a year after his judgment of sentence became final, Appellant filed a counseled PCRA petition, his first. Appellant alleged that Attorney Lalama "was ineffective at the sentencing proceeding by not presenting mitigating evidence and a psychological analysis of [Appellant] that would have been extremely essential at [Appellant's] sentencing [hearing]." PCRA Petition, 4/29/14, ¶ 5. On September 5, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court opined that Appellant's PCRA petition was untimely filed. *See* Rule 907 Notice, 9/5/14, at 2. Appellant did not file a response. On December 18, 2014, the PCRA court dismissed Appellant's PCRA petition. Appellant did not file an appeal.

On May 1, 2023, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment," wherein Appellant stated he "noticed through [a] prison counselor that no credit was given [Appellant] for time spent while in [pretrial] custody." *Pro Se* Motion, 5/1/23, at 2. On May 30, 2023, the PCRA court issued an order 1) indicating that it was treating Appellant's *pro se* filing as a request for relief under the PCRA; 2) appointing counsel; and 3) directing Appellant's new counsel to file an amended PCRA petition. Order, 5/30/23, at 1 (unpaginated).

On January 31, 2024, Appellant filed a counseled "Motion for Time Credit," alleging that Appellant "served ten (10) months of pretrial incarceration prior to receiving his sentence[,]" and requesting he be given

309 days credit for time served. Motion for Time Credit, 1/31/24, at 4 (unpaginated). On February 26, 2024, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's untimely PCRA petition without a hearing. Rule 907 Notice, 2/26/24, at 1 (unpaginated). Appellant did not respond. On April 10, 2024, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. On June 17, 2024, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises a single issue: "Whether the [PCRA] court erred and/or abused its discretion by failing to grant [Appellant] credit for time served?" Appellant's Brief at 4.

We first consider whether the relief Appellant sought in his motion for time credit is cognizable under the PCRA.

Appellant argues that the PCRA court improperly treated his motion for time credit as a second PCRA petition. Appellant's Brief at 12. Appellant contends that the PCRA court should have treated his motion for time credit as a writ of *habeas corpus ad subjiciendum*. **Id.** (citing 42 Pa.C.S.A. § 6503 ("[A]n application for *habeas corpus* to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever[,]" unless that person has a remedy under the PCRA)). Appellant maintains that he "is not challenging the

legality of his sentence, and therefore, the [PCRA court was] in error to consider the filing as a [PCRA petition]." *Id.* at 13.

This Court has recently reiterated that "a challenge to the trial court's **failure** to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." *Commonwealth v. Wheeler*, 314 A.3d 1286, 1289 (Pa. Super. 2024) (brackets omitted; emphasis added) (quoting *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007)).

The *Wheeler* Court set forth the "different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims":

> If the alleged error is thought to be the result of an erroneous computation of sentence by the [Department] of Corrections[ (DOC)], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [DOC's] computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Id.* (quoting *Commonwealth v. Wyatt*, 115 A.3d 876, 880 (Pa. Super. 2015)).

Here, Appellant neither claims the DOC miscalculated his credit time, nor that Appellant was deprived of his credit time due to an ambiguity in the

sentence imposed. Instead, Appellant argues that he "has not been given credit for the three[ ]hundred and nine (309) days that he served prior to being sentenced." Appellant's Brief at 11. As Appellant asserts the trial court failed to award credit time, the PCRA court correctly treated Appellant's motion for credit time as a PCRA petition. ***See id.***; ***see also Commonwealth v. Hagan***, 306 A.3d 414, 430 (Pa. Super. 2023) (holding a challenge to the trial court's failure to order credit time is properly brought under the PCRA).

Having determined Appellant's motion was properly considered a PCRA petition, we review Appellant's claim under the following standard: "Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted).

Before addressing the merits of Appellant's claim, we must address the timeliness of Appellant's PCRA petition. Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9544(b)(3). The PCRA's timeliness requirements are

jurisdictional in nature, and a court may not address the merits of an untimely petition. ***Commonwealth v. Rienzi***, 827 A.2d 369, 371 (Pa. 2003).

Instantly, Appellant's judgment of sentence became final in June 2008, when his time for seeking direct review with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). As Appellant filed his second PCRA petition **nearly fifteen years later**, his petition is facially untimely.

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner satisfies one of three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** § 9545(b)(1)(i-iii). A petition invoking an exception must be "filed within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2). "[I]t is the petitioner's burden to plead and prove that one of the exceptions applies[.]" ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citation omitted).

Here, Appellant failed to invoke any exception to the PCRA's jurisdictional time-bar. "Although legality of sentence is always subject to

review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citation omitted). Accordingly, the PCRA court's dismissal of Appellant's untimely second PCRA petition is supported by the record and free of legal error. ***See Maxwell***, 232 A.3d at 744.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/19/2025