647 A.2d 695

**COMMONWEALTH of Pennsylvania**

v.

**Edward SCHILL, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 15, 1994.

Decided Aug. 31, 1994.

Hugh A. Donaghue, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., for appellee.

Before CRAIG, President Judge, NEWMAN, Judge, and DELLA PORTA, Senior Judge.

CRAIG, President Judge.

This appeal has been transferred to this court by the Superior Court 641 A.2d 1228. We must dismiss this appeal sua sponte for lack of jurisdiction.

The petitioner had appealed to the Superior Court from denial of post conviction relief by the Court of Common Pleas of Delaware County. However, the issue the petitioner raised on appeal concerns the question of whether the Department of Corrections had properly calculated his time credits. That issue, no doubt, was the basis for the Superior Court's conclusion that the case belonged here. However, although the issue is certainly one properly decided by this court, there are several jurisdictional bars which preclude us from reaching the merits.

234

■ First, because the relief sought is against the Department of Corrections and that agency has not been named as a party to this case or involved in this litigation, we cannot issue a valid order adjudicating its rights. *Department of Public Welfare v. Alessi,* 119 Pa.Commonwealth Ct. 160, 546 A.2d 157 (1988), *petition for allowance of appeal denied,* 524 Pa. 623, 571 A.2d 385 (1988).

■ Second, although this court has jurisdiction to adjudicate a time credit issue concerning the department, this type of case must be addressed to our original jurisdiction, *see e.g., Gillespie v. Department of Corrections,* 106 Pa.Commonwealth Ct. 500, 527 A.2d 1061, *petition for allowance of appeal denied,* 518 Pa. 614, 540 A.2d 535 (1987), and cannot be brought in a post-conviction relief challenge initiated in a court of common pleas.

■ Clearly, by statute, we lack jurisdiction over post conviction relief matters, *see* section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i), *unless* they are ancillary to proceedings in our appellate jurisdiction. Although the petitioner does have a forfeiture proceeding docketed in this court's appellate jurisdiction at 2803 C.D.1993, the above-captioned action is clearly not ancillary to that proceeding. Additionally, as a practical matter, it would be difficult for this court to transfer this case, in its present posture, with the existing appellate record, to our original jurisdiction and such a transfer is certainly not one contemplated by the interdivisional transfer subsection of the Judicial Code, 42 Pa.C.S. § 5103(c). For these reasons we are compelled to dismiss this case for lack of jurisdiction.

The petitioner, of course, may file a new lawsuit within our original jurisdiction under *Gillespie* and name the department as the respondent. Then the department will be a party, as it must be.

We hereby order that the above-captioned case is dismissed for lack of jurisdiction.

## ORDER

NOW, August 31, 1994, it is hereby ORDERED that the above-captioned case is dismissed for lack of jurisdiction.