J-S05015-24

2024 PA Super 91

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMON SHAWN WHEELER | : | |
| | : | |
| Appellant | : | No. 624 WDA 2023 |

Appeal from the Order Entered May 18, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0001294-2019,
CP-11-CR-0001296-2019, CP-11-CR-0001301-2019

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

OPINION BY PANELLA, P.J.E.:                    **FILED: May 3, 2024**

Damon Shawn Wheeler appeals from an order denying his motion seeking relief in the form of direction to the Department of Corrections concerning credit for time served in his above-captioned criminal matters.[1] We affirm.

At trial court docket number 1301-2019, a jury convicted Wheeler of four counts of conspiracy to possess with the intent to deliver and one count of criminal use of a communication facility.[2] On June 22, 2020, the trial court

---

[1] Wheeler filed a *pro se* appeal containing three docket numbers, in violation of our Supreme Court's holding in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). Because the trial court issued a single order addressing the three docket numbers in tandem, we accept this *pro se* appeal for review pursuant to *Commonwealth v. Larkin*, 235 A.3d 350 (Pa. Super. 2020) (*en banc*).

[2] 18 Pa.C.S.A. §§ 903 and 7512(a).

sentenced him to serve an aggregate term of incarceration of six to twelve years, with credit for time served.

On March 15, 2022, at trial court docket number 1294-2019, Wheeler pled guilty to one count of conspiracy to manufacture, deliver, or possess Fentanyl.[3] The trial court sentenced Wheeler to serve a term of five to ten years' incarceration, with credit for time served. The same day, at docket number 1296-2019, Wheeler pled guilty to one count of possession with intent to deliver or manufacture Fentanyl.[4] Again, the trial court sentenced him to serve a term of five to ten years of incarceration, with credit for time served. Wheeler filed neither post-sentence motions nor direct appeals.

On March 13, 2023, at each of the three docket numbers, Wheeler filed a *pro se* "motion to modify credit order."[5] The trial court held a hearing and

_____

[3] 18 Pa.C.S.A. § 903 and 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(30).

[5] It is undisputed that on September 2, 2021, Wheeler filed a petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, addressing his convictions under the three docket numbers. The PCRA court dismissed the petition on December 2, 2023, and this Court affirmed that decision on April 4, 2024. **See Commonwealth v. Wheeler**, 23 WDA 2023, _____ Pa. Super. ____ (Pa. Super. filed 4/4/24) (unpublished memorandum). Therefore, the instant motion was filed while the PCRA petition was pending. However, as discussed *infra*, this motion was not cognizable under the PCRA. Therefore, it did not run afoul of our Supreme Court's mandate in **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000), which prohibits the filing of a subsequent PCRA petition while a prior PCRA petition is pending.

on May 18, 2023, entered an order denying Wheeler's motion.[6] This appeal followed.

In his *pro se* brief to this Court, Wheeler speculates that the trial court's order somehow removed the credit for time served provision of his sentences at docket numbers 1294-2019 and 1296-2019, which essentially amounts to a request for resentencing.[7] **See** Appellant's Brief, at v.

_____

[6] The pertinent text of the trial court's order follows:

1. [Wheeler's] Motion to Modify Credit Order is DENIED.

2. The [c]ourt finds no error in the Sentencing Orders that would impact the Department of Corrections' calculations of credit for time served.

3. In the way of further explanation, the [c]ourt determined that at cases 1294-2019, count 2 and 1296-2019, count 1, the effective date of sentence is March 15, 2021. It appears no credit is available at this sentence as a result of it being credited to the case at 1301-2019. Based upon the [c]ourt's review, it appears the Department of Corrections' calculations are accurate.

4. Any issues or disputes regarding credit for time served calculations made by the Department of Corrections must be raised before the Commonwealth Court of Pennsylvania.

Order, 5/18/23, at 1-2.

[7] We observe Wheeler declares in his brief that "[a]s a *pro se* litigant, [his] pleadings are held to standards less than an attorney." Appellant's Brief, at 2. However, Wheeler is not entitled to any particular advantage because he lacks legal training. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Id.** (citation omitted).

Before we address the merits of his claim, we first consider whether the relief sought in Wheeler's motion is cognizable under the PCRA or properly brought before the trial court. This Court has explained that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super 2007) (citation omitted).

> This Court has clarified the different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims:
>
> > If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
> >
> > It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

**Commonwealth v. Wyatt**, 115 A.3d 876, 880 (Pa. Super. 2015) (citation omitted); **see also**, 42 Pa.C.S.A. § 761(a)(1) ("The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings … [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity….").

Upon review of the record, it is apparent that the trial court did award Wheeler credit for time served. *See* Sentencing Orders, Docket No. 1301-2019, 6/22/20, at 1-2; Docket No.1294-2019, 3/15/21, at 1; and Docket No. 1296-2019, 3/15/21, at 1. Our further review of the record reflects that Wheeler is arguing that the Department of Corrections misapplied his credit for time served. Specifically, in his motion filed with the trial court, Wheeler presented the following as a basis for relief:

> The DOC rule and law, that is being cited to not comply with the [c]ourt's 6/22/20 and 3/15/21 signed Sentencing Orders for Credit for Time Served in Custody applies to sentences when the person was on parole, probation or serving a sentence prior to the new charged offense resulting in a new conviction and new imposed sentence. **That is not the case in this matter and therefore, the rule and law is inapplicable, but mistakenly being applied, and used to not comply with the judicial mandates, terms, conditions and the manner of the attached Sentencing Orders of 6/22/20 and 3/15/21**.

Motion, 3/13/23, at 2, ¶ 7 (verbatim) (emphasis in original).

Because the trial court granted credit for time served at the time it imposed the sentences and Wheeler does not challenge the legality of an alleged failure to award credit for time served, the claim is not cognizable under the PCRA. Moreover, because the claim raised by Wheeler in his motion to the trial court challenges the Department of Corrections' application of his credit for time served, the challenge was not properly before the trial court. *See Wyatt*, 115 A.3d at 880. Accordingly, we affirm the trial court's order denying relief on the basis that it lacked jurisdiction. Our affirmance of the trial court's decision is without prejudice to Wheeler's right to pursue his

challenge to the Department of Corrections computation of credit in an original action in the Commonwealth Court.[8]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/03/2024

---

[8] We decline to transfer this appeal to our sister court because the Commonwealth's Court's case law precludes it from employing its original jurisdiction to engage in appellate review of this issue as presented. *See* *Commonwealth v. Schill*, 647 A.2d 695, 696 (Pa. Cmwlth. 1994) (dismissing case and stating that "although this court has jurisdiction to adjudicate a time credit issue concerning the department, this type of case must be addressed to our original jurisdiction … and cannot be brought in a post-conviction relief challenge initiated in a court of common pleas.").