J-S25039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN PAUL ARNOLD | : | |
| | : | |
| Appellant | : | No. 2539 EDA 2024 |

Appeal from the Order Entered August 27, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008422-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN PAUL ARNOLD | : | |
| | : | |
| Appellant | : | No. 2540 EDA 2024 |

Appeal from the Order Entered August 27, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008423-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN PAUL ARNOLD | : | |
| | : | |
| Appellant | : | No. 2541 EDA 2024 |

Appeal from the Order Entered August 27, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001729-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  | : |  |
| --- | --- | --- | --- |
| v. | | : | |
| | | : | |
| | | : | |
| SHAWN PAUL ARNOLD | | : | |
| | | : | |
| Appellant | | : | No. 2542 EDA 2024 |

Appeal from the Order Entered August 27, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004753-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAWN PAUL ARNOLD | : | |
| | : | |
| Appellant | : | No. 2543 EDA 2024 |

Appeal from the Order Entered August 27, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004754-2009

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 4, 2025**

In these five consolidated cases, Appellant, Shawn Paul Arnold, appeals *pro se* from the trial court's August 27, 2024 order dismissing his "Motion to Correct Time Credit" filed in each case. We affirm.

We need not set forth a detailed factual or procedural summary of Appellant's five underlying cases, as the trial court aptly explained the pertinent history in its Pa.R.A.P. 1925(a) opinion. *See* Trial Court Opinion ("TCO"), 3/7/25, at 1-6. We only note that Appellant was on parole when he was arrested in the instant five cases and charged with crimes relating to

several armed robberies. Appellant ultimately pled guilty in each case, and on December 2, 2009, he was sentenced to an aggregate term of 20 to 40 years' incarceration. Appellant's judgment of sentence was affirmed on direct appeal. *See Commonwealth v. Arnold*, 30 A.3d 539 (Pa. Super. 2011) (unpublished memorandum).

Appellant thereafter litigated a timely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After the PCRA court denied relief and this Court affirmed on appeal, our Supreme Court denied Appellant's petition for allowance of appeal on October 29, 2015. *Commonwealth v. Arnold*, 120 A.3d 1043 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 126 A.3d 1281 (Pa. 2015).

Five years later, on October 30, 2020, Appellant filed, in each of his five cases, the *pro se* "Motion to Correct Time Credit" underlying his instant appeal. Therein, Appellant challenged the accuracy of the computation of his credit for time served by the Department of Corrections ("DOC") and/or the Board of Probation/Parole ("the Board"). *See* Motion to Correct Time Credit, 10/30/20, at 6 ¶ 16 ("[Appellant] received no time credit towards the original sentence for the time spent in custody from arrest (10/15/08) until the day of sentencing (12/2/09) *from the Board*, because he had not satisfied bail requirements.") (Appellant's emphasis omitted; other emphasis added); *id.* ("The [c]ourt stated that it was fashioning the credit for time served in the manner it did because it expected the Board would award credit for the time [Appellant] was given unsecured bail and was therefore only detained on the

board's warrant. ***The Board did not do that***, however….") (emphasis added); ***id.*** at 6 ¶ 18 ("[T]he Board did not restart [Appellant's] original sentence (back time) until he was sentenced for the new charges by this [c]ourt on 12/2/09. ***The Board did not give [Appellant] the credit this [c]ourt expected it would.***") (citation omitted; emphasis added).

Appellant further alleged that his "Motion to Correct Time Credit" was timely filed, as he had not discovered until February of 2015 that the Board/DOC was not giving him proper credit for time served, ***id.*** at 2 ¶ 4, and he was notified by his PCRA counsel at that time that he could not raise this issue "until the resolution of his pending PCRA [petition] and any possible appeals." ***Id.*** at 2 ¶ 6. According to Appellant, his initial "PCRA petition was not resolved until the Third Circuit Court of Appeals denied a Certificate of Appealability Rehearing on 5/19/2020…." ***Id.*** at 3 ¶ 9. Thus, he insisted that his "Motion to Correct Time Credit" was timely filed in October of 2020, which was within one year of the date that the litigation of his initial PCRA petition concluded.

Due to delays caused by Covid, Appellant's motion was not addressed until August 27, 2024, when the court issued an order dismissing it on the basis that the court "lack[ed] jurisdiction to review the merits of the Motion or to grant the relief requested therein." Order, 8/27/24, at 1 (single page). Appellant filed timely, *pro se* notices of appeal in each of his five cases, which were subsequently consolidated upon application by Appellant. Appellant and

the court subsequently complied with Pa.R.A.P. 1925. Herein, Appellant states two issues for our review:

1. Did the [trial] court err when it dismissed Appellant's Motion for [T]ime Credit Correction for "lack of jurisdiction" where:

[a.] Appellant filed the instant motion in the sentencing court, seeking a correction of time[-]credit issues that are the responsibility of that sentncing [*sic*] court under 42 Pa.C.S.[] § 9760; and

[b.] Even if the [trial] court determined it did not have jurisdiction because the motion was to be considered a PCRA petition, Appellant has alleged an exeption [*sic*] to the time bar under 42 Pa.C.S.[] § 9545(6)(1)(ii), and the [trial] court erred in dismissing the motion where it did not provide Appellant with a Notice of Intent to Dismiss as required by law?

2. Was Appellant entitled to the time credit requested where he was never given credit for time spent in custody prior to his guilty plea on the [n]ew [c]ase[s] because the sentencing court incorrectly assumed that time would be credited by the Parole Board?

Appellant's Brief at 3 (some formatting altered).

Initially, we must assess whether Appellant's time-credit claim is cognizable under the PCRA and, if so, whether it is timely, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). This Court has explained that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted). However, we have also "clarified the different claims a

- 5 -

prisoner may raise regarding credit for time served and the mechanisms for raising such claims[,]" ***Commonwealth v. Wyatt***, 115 A.3d 876, 879 (Pa. Super. 2015), stating:

> ***If the alleged error is thought to be the result of an erroneous computation of sentence by the [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [DOC's] computation.*** If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Id.*** (citation omitted; emphasis added). ***See also***, 42 Pa.C.S. § 761(a)(1) ("The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings … [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity….").

Here, as set forth *supra*, the language in Appellant's "Motion to Correct Time Credit" indicates that he is challenging the computation/application of his time credit ***by the Board/DOC***. Thus, we agree with the trial court that "Appellant should have filed an original action in the Commonwealth Court challenging the Board's computation." TCO at 13. Accordingly, the court did not err in dismissing Appellant's motion. ***See also Commonwealth v. Wheeler***, 314 A.3d 1286, 1289 (Pa. Super. 2024) (affirming the trial court's order denying relief on the basis that it lacked jurisdiction, where "the claim

raised by Wheeler in his motion to the trial court challenge[d] the [DOC's] application of his credit for time served").

In any event, we note that, even if Appellant were alleging a cognizable PCRA claim that the trial court failed to award him adequate time credit, it would be untimely. Appellant asserted in his motion that he discovered this time-credit issue in February of 2015, yet he did not file his motion until October 30, 2020. According to Appellant, he could not file his motion until the resolution of his initial PCRA petition, which he claims occurred on May 19, 2020, when the Third Circuit Court of Appeals denied his certificate of appealability rehearing on May 19, 2020.

We disagree. Our Supreme Court has held "that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest *state court* in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), *overruled on other grounds by Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020) (emphasis added). Thus, "[w]here a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her only option is to raise it within a second PCRA petition filed within 60 days of the date of the order that finally resolves the

pending PCRA petition."[1] ***Commonwealth v. Montgomery***, 181 A.3d 359, 363 (Pa. Super. 2018) (cleaned up).

Here, the highest **state court** — *i.e.*, the Pennsylvania Supreme Court — denied Appellant's petition for allowance of appeal from the denial of his first PCRA petition on October 29, 2015. Thus, Appellant had 60 days from that date to file any time-credit issue that was cognizable under the PCRA. He did not file his instant motion until five years later, on October 30, 2020. Consequently, even if his time-credit issue was cognizable under the PCRA, we would deem it untimely and conclude that the court lacked jurisdiction to review it.[2]

Accordingly, we affirm the trial court's order dismissing Appellant's Motion to Correct Time Credit, without prejudice to Appellant's right to pursue

---

[1] The 60-day requirement was in accordance with the former version of 42 Pa.C.S. § 9545(b)(2), which has been amended to now require that a petition be filed within one year of the date the claim could have been presented. The amendment applies only to claims arising on or after December 24, 2017; therefore, Appellant's claim that arose in 2015 was subject to the former 60-day requirement.

[2] Moreover, to the extent Appellant complains about the court's failure to issue a Pa.R.Crim.P. 907 notice of its intent to dismiss his motion, we have stated that the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." ***Commonwealth v. Pridgen***, 305 A.3d 97, 102 (Pa. Super. 2023), *appeal denied*, 318 A.3d 97 (Pa. 2024).

his challenge to the computation of his time credit by the Board/DOC in an original action in the Commonwealth Court.[3]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/4/2025

_____

[3] We decline to transfer this appeal to the Commonwealth Court, as its case law precludes it from granting the type of relief Appellant seeks where the DOC "has not been named as a party to [the] case or involved in [the] litigation…." **Commonwealth v. Schill**, 647 A.2d 695, 695-96 (Pa. Cmwlth. 1994).