**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MELESCHUCK | : | |
| | : | |
| Appellant | : | No. 2889 EDA 2024 |

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003724-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MELESCHUCK | : | |
| | : | |
| Appellant | : | No. 2890 EDA 2024 |

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003723-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MELESCHUCK | : | |
| | : | |
| Appellant | : | No. 2891 EDA 2024 |

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003318-2013

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM MELESCHUCK :
:
Appellant : No. 2892 EDA 2024

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002645-2013

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED SEPTEMBER 19, 2025**

Appellant, William Meleschuck, appeals from the orders entered in the Lehigh County Court of Common Pleas, which denied his motion for time credit. We affirm.

The relevant facts and procedural history of this case are as follows. On December 9, 2013, Appellant pled guilty at four underlying dockets.[1] On January 14, 2014, the trial court imposed the following sentence: at docket No. 3724-2013, the court sentenced Appellant to undergo and successfully complete the Treatment Continuum Alternative Program ("T-CAP"), an

---

[1] Specifically, Appellant pled guilty at docket No. 3724-2013 to receiving stolen property, 18 Pa.C.S.A. § 3925(a); at docket No. 3723-2013, to possession of drug paraphernalia, 35 P.S. § 780-113(a)(32); at docket No. 3318-2013, to receiving stolen property; and at docket No. 2645-2013, to criminal conspiracy, 18 Pa.C.S.A. § 903.

intermediate punishment, for 22 months.[2]  At docket No. 3723-2013, the court sentenced Appellant to 12 months of probation consecutive to the sentence imposed at docket No. 3724-2013.  At docket No. 3318-2013, the court sentenced Appellant to undergo and successfully complete the T-CAP program, for 22 months concurrent to the sentence imposed at docket No. 3724-2013.  At docket No. 2645-2013, the court sentenced Appellant to 12 months of probation concurrent to the probation imposed at docket No. 3723-2013.

On January 4, 2016, after a *Gagnon II*[3] hearing, during which Appellant admitted to violating his probation, the court sentenced Appellant to an aggregate 3 to 23 months' incarceration followed by 12 months' probation.[4]  Appellant was granted immediate parole.

On November 13, 2017, the court conducted another *Gagnon II* hearing and found Appellant in violation of his parole at docket Nos. 3724-

_____

[2] The court imposed the following term of intermediate punishment: "three to six months of residential treatment at Keenan House; two to four months at a half-way house, three months of electronic monitoring followed by six to nine months of intensive out-patient treatment."  (Trial Court Sentencing Order, Docket No. 3724-2013, 1/14/14).

[3] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

[4] The court imposed concurrent sentences of 3 to 23 months of incarceration at docket Nos. 3724-2013 and 3318-2013.  At docket Nos. 3723-2013 and 2645-2013, the court imposed concurrent sentences of 12 months of probation, to run consecutive to the sentence at docket Nos. 3724-2013 and 3318-2013.

2013 and 3318-2013. The court revoked Appellant's parole and remanded him to serve the balance of the sentence previously imposed on January 4, 2016. In its sentencing order, the court noted that "credit shall be given to you, as required by law, for all time spent in custody, as a result of these criminal charges for which sentence is being imposed." (Trial Court Sentencing Order, Docket No. 3318-2013, 11/13/17; Trial Court Sentencing Order, Docket No. 3724-2013, 11/13/17). That same date, the court found Appellant in violation of his probation at docket Nos. 3723-2013 and 2645-2013. In both cases, the court revoked Appellant's probation and imposed a sentence of 6 to 12 months, again specifically noting that Appellant was given credit for all time spent in custody. (Trial Court Sentencing Order, Docket No. 3723-2013, 11/13/17; Trial Court Sentencing Order, Docket No. 2645-2013, 11/13/17).

Thereafter, the Department of Corrections gave Appellant credit for time served while in custody at Lehigh County Jail from June 24, 2013 to January 15, 2014 (206 days), December 10, 2015 to January 15, 2016 (37 days), and June 14, 2016 to June 16, 2016 (3 days), for a total of 246 days credit.

On September 10, 2024, Appellant filed a "Motion for Time Credit *Nunc Pro Tunc*, Pursuant to 42 Pa.C.S.[A.] § 9760, for Time Spent in Custody at an In-Patient Treatment Facility" seeking credit for time spent at the Keenan House and Lehigh Valley Halfway House from January 15, 2014, to July 20, 2014. (Motion for Time Credit, 9/10/24). The court denied the motion on

September 26, 2024. These timely appeals followed. Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on October 1, 2024. This Court consolidated the appeals *sua sponte* on January 14, 2015.

Preliminarily, we must ascertain whether the instant appeal is properly before this Court. "This Court has explained that '[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA.'" ***Commonwealth v. Wheeler***, 314 A.3d 1286, 1289 (Pa.Super. 2024) (quoting ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008)).

> This Court has clarified the different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims:
>
> > If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
> >
> > It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Id.*** (quoting ***Commonwealth v. Wyatt***, 115 A.3d 876, 880 (Pa.Super.

- 5 -

2015)). *See also*, 42 Pa.C.S.A. § 761(a)(1) (stating "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings ... [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity....").

In *Wheeler, supra*, this Court held that "[b]ecause the trial court granted credit for time served at the time it imposed the sentences and [the appellant] does not challenge the legality of an alleged failure to award credit for time served, the claim is not cognizable under the PCRA." *Wheeler, supra* at 1289. Moreover, this Court held that "because the claim raised by [the appellant] in his motion to the trial court challenges the Department of Corrections' application of his credit for time served, the challenge was not properly before the trial court." *Id.* Therefore, this Court affirmed the trial court's order denying relief on the basis that the court lacked jurisdiction "without prejudice to [the appellant's] right to pursue his challenge to the Department of Corrections computation of credit in an original action in the Commonwealth Court." *Id.* at 1289–90 (footnote omitted). This Court "decline[d] to transfer this appeal to our sister court because the Commonwealth's Court's case law precludes it from employing its original jurisdiction to engage in appellate review of this issue as presented." *Id.* at 1290 n.8 (citation omitted).

Here, the record confirms that the trial court awarded Appellant credit for time served. (*See* Trial Court Sentencing Order, Docket No. 3318-2013,

11/13/17; Trial Court Sentencing Order, Docket No. 3724-2013, 11/13/17; Trial Court Sentencing Order, Docket No. 3723-2013, 11/13/17; Trial Court Sentencing Order, Docket No. 2645-2013, 11/13/17). Our review of the record further reflects that Appellant is arguing that the Department of Corrections erred in its calculation of his time served. Specifically, in his motion filed with the trial court, Appellant presented the following as a basis for relief:

> [Appellant] did not [voluntarily] admit himself to a drug and alcohol treatment facility (TCAP). Instead, he entered the rehabilitation facility by Court Order (Sentence), therefore, the time which [Appellant] spent as a[n] inpatient at the drug/alcohol treatment facility was "time spent in custody" within the contemplation of 42 Pa.C.S. § 9760(1). As such, he ask[s] this court for credit for time spent at in the Keenan House and Lehigh Valley Halfway House, against the sentence of imprisonment imposed. …

(Motion for Credit for Time Served, 9/10/24, at 3-4).

Based on these averments, Appellant is not claiming that there is an error in computation based on either an ambiguity in the sentence, nor is he challenging the legality of the trial court's alleged failure to award credit for time served. Rather, Appellant's complaint is based on an alleged erroneous computation of sentence by the Department of Corrections. Accordingly, "the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [Department of Corrections'] computation." **Wheeler, supra** at 1289. **See also Thompson v. Pennsylvania Bd. of Prob. & Parole**, No. 606 C.D. 2017, 2018 WL 1801656

- 7 -

(Pa.Cmwlth. filed Apr. 17, 2018) (unpublished memorandum) (addressing petitioner's claim for credit for time served when in inpatient drug and alcohol treatment programs while on parole and holding that Keenan House was not equivalent of incarceration).[5]

Therefore, we affirm the trial court's order denying relief without prejudice for Appellant to pursue his challenge to the Department of Corrections computation of credit for time served in an original action in the Commonwealth Court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/19/2025

_____

[5] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of Commonwealth Court filed after January 15, 2008 for persuasive value).