J-S31004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENDALL TYREZZ BRINKLEY | : | |
| | : | |
| Appellant | : | No. 695 EDA 2025 |

Appeal from the PCRA Order Entered February 24, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010802-2010

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED OCTOBER 15, 2025**

Kendall Tyrezz Brinkley appeals *pro se* from the order entered on February 24, 2025 in the Court of Common Pleas of Philadelphia County dismissing his petition for *habeas corpus* relief as an untimely Post Conviction Relief Act ("PCRA")[1] petition. After careful review, we affirm.

On July 25, 2011, Brinkley entered a negotiated guilty plea to the charges of third-degree murder, firearms not to be carried without a license, and possession of an instrument of crime ("PIC").[2] That same date, the court sentenced Brinkley to an aggregate period of 25 to 50 years' imprisonment. Brinkley did not file a post-sentence motion or appeal his judgment of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), and 907(a), respectively.

sentence. On September 15, 2015, Brinkley filed his first *pro se* PCRA petition, which the PCRA court ultimately dismissed as untimely. **See** Order and Opinion, 2/2/2017. Brinkley did not seek further review of the PCRA court's ruling.

On April 25, 2025, Brinkley filed a *pro se* "Petition for Writ of Habeas Corpus" seeking "clarification of the sentence imposed by the trial court which is ambiguous and/or unclear." Petition, 4/25/24, at 2 (unnecessary capitalization omitted). On January 21, 2025, the PCRA court filed notice of its intent to dismiss Brinkley's petition pursuant to Pa.R.Crim.P. 907. Brinkley did not respond to the notice, and the court dismissed his petition on February 24, 2025. In an accompanying opinion, the court explained that because Brinkley challenged the legality of his sentence, his petition was cognizable under the PCRA and subject to the statutory timeliness requirements. **See** Trial Court Opinion, 2/24/25. The court concluded that Brinkley's petition was patently untimely, and because he failed to plead or prove an exception to the PCRA's time-bar, the court lacked jurisdiction to review the merits of his petition. **See id.** Brinkley filed a notice of appeal on March 21, 2025.[3]

On appeal, Brinkley presents the following question for our review:

[Whether] the trial court abused its discretion in dismissing Appellant's *habeas* petition seeking clarification of the sentencing statute as an untimely PCRA petition?

_____

[3] The PCRA court did not order Brinkley to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's Brief, at 3 (unnecessary capitalization and suggested answer omitted; emphasis added).

Brinkley avers the PCRA court abused its discretion by improperly construing his *habeas* petition as an untimely PCRA petition. **See** Appellant's Brief, at 8.

"Whether the PCRA court properly construed [a] *habeas* petition[] as a PCRA petition presents a question of law, for which our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Saunders**, 334 A.3d 387, 2025 WL 228153, at *2 (Pa. Super. filed Jan. 17, 2025)[4] (citing **Commonwealth v. Descardes**, 136 A.3d 493, 496-97 (Pa. 2016)) (internal quotation marks omitted).

We begin by noting that "[t]he designation of [a] petition does not preclude a court from deducing the proper nature of a pleading." **Commonwealth v. Snook**, 230 A.3d 438, 444 (Pa. Super. 2020) (citation omitted).

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

---

[4] This Court may cite unpublished decisions filed after May 1, 2019 for their persuasive value. Pa.R.A.P. 126(b).

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations and footnote omitted); *see* 42 Pa.C.S.A. § 9542. Accordingly, we must consider whether the issue raised in Brinkley's petition is cognizable under the PCRA.

In his petition, Brinkley seeks clarification of his sentence where, as he alleges, the sentencing order "fails to specify the statute the sentence was imposed pursuant to[.]" Petition for Habeas Corpus Relief, 4/25/24, at ¶ 11. Although Brinkley claims his sentence "is ambiguous and requires clarification," it is not clear from his petition or brief how the sentence imposed is ambiguous or of what "statutory authority" he seeks further clarification. Appellant's Brief, at 8.[5] Rather, the sentencing order reflects that the court unambiguously imposed a sentence of 20 to 40 years for Brinkley's third-degree murder conviction and two consecutive sentences of 2 ½ to 5 years for his convictions of firearms not to be carried without a license and PIC. *See* Sentencing Order, 7/25/11.

Nonetheless, to support his contention that his April 25th petition properly sought *habeas corpus* relief, Brinkley relies on ***Commonwealth v.***

---

[5] We observe that Brinkley is a *pro se* litigant. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Wheeler***, 314 A.3d 1286, 1288 n.7 (Pa. Super. 2024) (citations omitted).

*Wyatt*, 115 A.3d 876 (Pa. Super. 2015), in which this Court reiterated the distinct types of claims a prisoner may raise concerning purported errors in the computation of a sentence or credit for time served and the appropriate mechanisms for raising such claims. Specifically, we noted that "if … the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." *Wyatt*, 115 A.3d at 879 (citation omitted). However, in the case sub judice, Brinkley has not alleged an error in the computation of his sentence or time credit, and his reliance on *Wyatt* to substantiate his filing as a proper *habeas* petition is misplaced and unavailing.

Pennsylvania courts have long recognized that a challenge to a sentencing court's statutory authority to impose a particular sentence implicates the legality of the sentence. *See In re M.W.*, 725 A.2d 729, 731 (Pa. 1999); *see also Commonwealth v. McCabe*, 230 A.3d 1199, 1203 (Pa. Super. 2020) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.") (citation omitted). Moreover, "[a] claim a petitioner is serving an illegal sentence is cognizable under the PCRA, as long as the claim is raised in a timely petition." *Commonwealth v. Moore*, 247 A.3d 990, 993 (Pa. 2021) (citation omitted).

Hence, we discern no error in the PCRA court's determination that Brinkley's claim is cognizable under the PCRA. By seeking clarification

"regarding the statute [his] sentence was imposed pursuant to[,]" Appellant's Brief, at 7, Brinkley inherently calls the court's sentencing authority and, consequently, the legality of his sentence into question. **See In re M.W.**, 725 A.2d at 731. Therefore, the PCRA court properly treated Brinkley's *habeas corpus* petition as a PCRA petition, which is subject to the statute's jurisdictional timeliness requirements. **See Moore**, 247 A.3d at 993.[6] Accordingly, we turn to the issue of whether the court properly dismissed Brinkley's petition as untimely.

> Our standard of appellate review of the denial of an untimely PCRA petition is well settled. We review the factual findings of the PCRA court to ensure they are supported by the record, and we apply a de novo standard of review to its legal conclusions. Pennsylvania courts are prohibited from considering an untimely PCRA petition. This is because we have construed the PCRA's timing provisions as jurisdictional in nature, and, thus, no court may entertain an untimely PCRA petition. Consequently, we do not reach the merits of an untimely petition under any circumstances[.] Likewise, the PCRA's time-bar also applies to claims that the underlying sentence is illegal.

**Commonwealth v. Laird**, 331 A.3d 579, 593-94 (Pa. 2025) (citations, quotation marks, and brackets omitted).

Here, Brinkley's petition, filed over 12 years after his judgment of sentence became final, is patently untimely. Because Brinkley fails to plead or

_____

[6] To be considered timely filed, a PCRA petition must be filed within one year of the date the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Because Brinkley did not file a direct appeal, his judgment of sentence became final on August 25, 2011, upon expiration of the 30-day period for filing a direct appeal to this Court. **See** Pa.R.A.P. 903(a). Accordingly, Brinkley had until August 25, 2012 to timely file a PCRA petition.

prove an exception to the timeliness requirements, **see** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), both this Court and the PCRA court lack jurisdiction to review the merits of his petition or address the substantive claims raised therein. **See Laird**, 331 A.3d at 594; **Commonwealth v. Branthafer**, 315 A.3d 113, 120 (Pa. Super. 2024). Accordingly, the PCRA court properly dismissed Brinkley's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025