J-A08045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
|---|---|
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| DENNIS HOLLOMAN | : |
| | : |
| Appellant | : No. 1583 EDA 2024 |

Appeal from the PCRA Order Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013823-2013

| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
|---|---|
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| DENNIS HOLLOMAN | : |
| | : |
| Appellant | : No. 1584 EDA 2024 |

Appeal from the PCRA Order Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013825-2013

| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
|---|---|
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| DENNIS HOLLOMAN | : |
| | : |
| Appellant | : No. 1585 EDA 2024 |

Appeal from the PCRA Order Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013827-2013

| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
|---|---|
| | : PENNSYLVANIA |

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| DENNIS HOLLOMAN | : | |
| | : | |
| Appellant | : | No. 1586 EDA 2024 |

Appeal from the PCRA Order Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013829-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS HOLLOMAN | : | |
| | : | |
| Appellant | : | No. 1587 EDA 2024 |

Appeal from the PCRA Order Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013831-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS HOLLOMAN | : | |
| | : | |
| Appellant | : | No. 1588 EDA 2024 |

Appeal from the PCRA Order Entered May 4, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013837-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| DENNIS HOLLOMAN | : | |
| | : | |
| Appellant | : | No. 1589 EDA 2024 |

Appeal from the PCRA Order Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013901-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS HOLLOMAN | : | |
| | : | |
| Appellant | : | No. 3086 EDA 2024 |

Appeal from the PCRA Order Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013820-2013

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MAY 22, 2026**

Dennis Holloman appeals *pro se* from the orders entered May 16, 2024, and May 4, 2025, dismissing his petitions filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] Holloman challenges the denial of his PCRA petitions without a hearing. After careful review, we affirm.

The PCRA court set forth the relevant factual and procedural history:

Between November 2009 and March 2013, [Holloman] and two co-conspirators, Martin Rouse and Curtis Smith[a], committed multiple robberies and burglaries against a convenience store, a gas station, ATM machines and their servicers, the private

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

residence of David and Rasjah Fletcher, an auto body shop, and two economy sized vans, all in Philadelphia. [Holloman] was arrested on an unrelated matter in July of 2013 wherein he was informed by Philadelphia Detective Donald Liebsch of his suspected involvement in multiple robberies. On August 22, 2013, and September 25, 2013, [Holloman] provided Detective Lieb[]sch with a total of three (3) signed, written statements admitting to various aspects of his participation [in] the underlying offenses[b].

> [a] Smith later plead to a myriad of charges associated with the above captioned matter(s) on May 16, 2014.
>
> [b] [Holloman] signed his statements to authorities as "Devon Williams", his birthname.

On January 25, 2016, [Holloman] filed a Rule 600[c] motion, and a hearing was held on March 16, 2017, wherein the trial court denied the motion. At the hearing, the Commonwealth asserted its belief it was appropriate not to sever [Holloman's] case from that of Rouse's, and that no court had previously indicated severance as the proper method of proceeding to trial. On December 4, 2017, the Commonwealth filed its motion to consolidate their cases against [Holloman] and Rouse into a single proceeding, which was granted on December 11, 2017.

> [c] *See* Pa.R.Crim.P. 600.

[Holloman] was tried by jury on March 6, 2018, in front of the Honorable Tamika Lane. At trial, the Commonwealth admitted two of [Holloman's] written statements to the jury wherein he confessed to his criminal behavior at issue. Additionally, prison recordings were played of [Holloman] articulating the reasons for his confessions, including a fear his co-conspirators would turn on him first, as well as that the officer "tried to do the right thing in life, and did not lock people up without a reason." [Furthermore], evidence was presented of Smith's guilty plea where Smith had implicated both Rouse and [Holloman].

On March 14, 2018, [Holloman] was found guilty of six (6) counts of theft by unlawful taking; three (3) counts of robbery and conspiracy to commit robbery; two (2) counts of burglary, conspiracy to commit burglary, receiving stolen property, conspiracy to [commit] receiving stolen property; and one (1)

count of conspiracy to commit theft by unlawful taking.[2] On June 8, 2018, he was sentence to an aggregate of 21 ½ to 43 years of incarceration to be followed by an additional 42 years of probation. [Holloman] filed a *pro se* motion on June 12, 2018, which was denied on October 10, 2018. He also filed a motion to withdraw post-sentence motion, declaring his desire to instead file a notice of appeal. On September 11, 2018, [Holloman] filed both a request to file a supplemental post-sentence motion and a proposed post-sentence motion, respectively, both *pro se*. Subsequently, he filed a notice of appeal on October 15, 2018. On October 29, 2018, appellate counsel was appointed to represent [Holloman] on his direct appeal.

On May 27, 2020, [this Court] ruled that [Holloman's] *pro se* motion had no legal authority due to his contemporaneous representation by trial counsel, who did not file any direct appeal grounds. However, due to trial counsel's failure to do so, [this Court] reinstated [Holloman's] [post-sentence and] appeal rights *nunc pro tunc*. On June 1, 2020, [Holloman], through counsel, filed a post-sentence motion… . On October 9, 2020, after his motion was denied by operation of law, [Holloman] filed a notice of appeal. In his timely filed [Rule] 1925(b) [statement], [Holloman] asserted the court had erred by denying his Rule 600 motion and that the verdict was against both the weight and sufficiency of the evidence. On July 2, 2021, [this Court] … affirmed [Holloman's] judgment of sentence. ***See Commonwealth v. Holloman***, 260 A.3d 107 (Pa. Super. 2021) (unpublished memorandum).].

On February 9, 2022, [Holloman] filed a PCRA petition *pro se*. Subsequently[,] PCRA counsel was appointed who filed an amended PCRA petition on May 9, 2022 alleging (i) ineffectiveness of trial counsel due to said counsel's "opening the door" for a witness to testify to video footage previously subject to preclusion, (ii) [] failure to mount an objection to a jury instruction, and (iii) [] failure to [file] a motion to suppress. The [PCRA] court [thereafter] issued a [notice] of intent[] to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907 on October 14, 2022. [Holloman] filed a response to the 907 [notice], *pro se*, on October 26, 2022.

_____

2 18 Pa.C.S.A. §§ 3921(a), 3701(a), 3502(a), 3925(a), and 903, respectively.

On November 7, 2022, [Holloman's PCRA] counsel filed a motion to withdraw, which was granted on November 20, 2022. The [PCRA] court appointed new PCRA counsel on December 21, 2022. However, [Holloman] subsequently filed a motion for new counsel as well as leave to amend his [PCRA] petition, *pro se* on January 12, 2023. On May 8, 2023, [Holloman] filed a petition seeking allowance to represent himself *pro se*. Prior to ruling on the request for *pro se* representation, the second PCRA counsel filed an amended PCRA petition on June 7, 2023. On October 12, 2023, [after a ***Grazier***[3]hearing,] the [PCRA] court granted [Holloman] the right to proceed *pro se* and allowed the second PCRA counsel to withdraw as counsel.

On October 31, 2023, [Holloman] filed an amended PCRA petition asserting five (5) new grounds [for why] counsel was ineffective… . [Of relevance here, Holloman alleged appellate counsel was ineffective for] failing to investigate [a] change in [case] law requiring a due diligence analysis of the government's actions under Rule 600 [stemming from the] Pennsylvania Supreme Court's decision [in] ***Commonwealth v. Harth***, 252 A.3d 600 (Pa. 2021)[.] …

… On March 22, 2024, the Commonwealth filed its motion to dismiss in which the government requested dismissal without a hearing. Upon independent review, [the PCRA court] concurred with the Commonwealth's conclusion that [Holloman's] petition was without merit, and on April 16, 2024, filed its notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907.

On April 30, 2024, [Holloman] filed a motion requesting [the PCRA court] suspend its intent to dismiss. On May 1, 2024, [Holloman] filed another amended PCRA petition [including a response to the notice of intent to dismiss]. On May 16, 2024, the [PCRA] court dismissed [Holloman's] … PCRA petition[s].

_____

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

J-A08045-26

PCRA Court Opinion, 3/20/25, at 1-5 (record citations, some footnotes, and unnecessary capitalization omitted).[4]

We note that both Holloman and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925.

Holloman raises two issues for our review:

1. Did the PCRA court err in concluding that:

> a. *Commonwealth v. Harth*, [252 A.3d 600 (Pa.] 2021)[,] [s]imply just restate[s] the standard of review already in place [in Rule 600] pursuant to the speedy trial [provisions seeking to] dismiss [the charges;] and
>
> b. Concluding that [Holloman] does not point out any instance of alleged lack of due diligence[, thereby v]iolating [Holloman's] right to a speedy trial under the Sixth and Fourteenth Amendment[s] of the United States Constitution, and under Article [I] § 9 of the Pennsylvania Constitution[?]
>
> 2. Original [P]CRA counsel … was ineffective for failing to claim prior counsels … [were] ineffective for failing to challenge [the] Commonwealth using hearsay eviden[c]e alone to establish a prima facie case and that [Holloman] committed the crime[, thereby v]iolating [Holloman's] right to be free from unreasonable seizure under the Fourth and Fourteen Amendment[s] to the

---

[4] Initially, the PCRA court included only seven of Holloman's eight dockets on the PCRA order dismissing the PCRA petitions. Holloman filed a notice of appeal with this Court on all eight of his dockets. On December 23, 2024, this Court directed Holloman to show cause why the appeal should not be quashed as to docket 1588 EDA 2024 as having been taken from a purported order not entered on the docket, thereby making the appeal interlocutory. Holloman did not respond. However, the PCRA court sent this Court a letter explaining it was simply a clerical error. In response, this Court entered an order directing the PCRA court to enter an order disposing of the PCRA petition at docket 1588 EDA 2024. The PCRA court complied and dismissed the PCRA petition at docket 1588 EDA 2024 on May 4, 2025. We have updated the caption accordingly.

- 7 -

United States Constitution, and Article [I] § 9 of the Pennsylvania Constitution.

Appellant's Brief, at 4 (footnote, some citations, and lower court answers omitted).

We begin with our well-established standard of review:

We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in the light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner had the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Smith*, 352 A.3d 111, 116 (Pa. 2026) (brackets and citation omitted).

Furthermore, the standards regarding PCRA petitions are as follows:

To be entitled to PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel, which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. A petitioner must also show his claims have not been previously litigated or waived, and that the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. An issue is previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.

***Commonwealth v. Johnson***, 335 A.3d 685, 709 (Pa. 2025) (quotation marks and citations omitted).

Holloman first argues that the PCRA court erred in dismissing his claim that Rule 600 was violated because the Commonwealth failed to exercise due diligence in bringing his case to trial. ***See*** Appellant's Brief, at 9. Holloman notes that this Court addressed his Rule 600 claim on direct appeal, but argues that this Court did not consider ***Harth***, and asserts that decision changed how the courts are required to evaluate the Commonwealth's due diligence. ***See id.*** at 11, 13-15. We disagree.

On direct appeal, this Court held "[t]he periods of delay were not attributable to a lack of due diligence on the part of the Commonwealth. Rather, the delays in the commencement of trial were caused by co-defendant Rouse, which were beyond the Commonwealth's control. Therefore, those delays are excluded from the [Rule 600] computation." ***Commonwealth v. Holloman***, 260 A.3d 107, *9 (Pa. Super. filed July 2, 2021) (unpublished memorandum). The Supreme Court denied further review. ***See Commonwealth v. Holloman***, 270 A.3d 1108 (Pa. 2022). As this issue was decided by the "highest appellate court in which the petitioner could have had review as a matter of right," the claim is previously litigated. ***Johnson***, 335 A.3d at 709. The PCRA court therefore correctly found that this issue has no merit.

To the extent Holloman is arguing counsel were ineffective for failing to raise **Harth**, Holloman would not be entitled to relief. Notably, Holloman is proceeding *pro se*.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Commonwealth v. Wheeler**, 314 A.3d 1286, 1288 n.7 (Pa. Super. 2024) (citations and quotation marks omitted). Holloman merely concludes that counsel was ineffective but does not discuss the three elements required:

> [T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner failed to prove any of these prongs, his claim fails.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citations and quotation marks omitted).

Because Holloman does not meaningfully discuss the required elements, we find his claim of ineffective assistance of counsel waived. **See** Appellant's Brief, at 15 (concluding without relevant discussion, that counsel was ineffective).[5] Furthermore, even if the claim was not waived, the PCRA court

_____

[5] Notably, Holloman originally filed an appellant's brief on September 26, 2025, and a supplemental brief on October 3, 2025. He then requested this Court allow him to file a new appellant's brief on November 10, 2025. **See** Application to Amend, 11/10/25. Within his application, Holloman requested
*(Footnote Continued Next Page)*

- 10 -

aptly held that this claim has no merit and we agree with the sound reasoning of the PCRA court. **See** PCRA Court Opinion, 3/20/25, at 9 (holding that **Harth** did not change the standard for evaluating Rule 600 cases, that the Commonwealth had no duty to prove due diligence because the continuances were on co-defendant and outside of the Commonwealth's control, therefore appellate counsel could not have been ineffective for failing to address the new case).

In his final argument, Holloman raises a layered claim of ineffective assistance of counsel asserting that all prior counsel were ineffective for failing to challenge the Commonwealth's use of hearsay at his preliminary hearing in 2013. **See** Appellant's Brief, at 19-20. Holloman relies upon the Pennsylvania Supreme Court's decision in **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020) for his proposition that all prior counsel were ineffective. **See id.**

> Holloman proceeded to a jury trial and was found guilty.
>
> It is well settled that when, at trial, the Commonwealth proves the offense beyond a reasonable doubt, any defects at a preliminary hearing regarding the sufficiency of the evidence are considered harmless. Indeed, once a defendant has gone to trial and been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial.

---

this Court "strike the originally filed merit's brief[.]" **Id.** at 1, 2 (pagination added for ease of reference). On November 25, 2025, this Court granted Holloman's application and specifically ordered "Appellant's brief and supplemental brief are STRICKEN[.]" Order, 1//25/25, at 3. We therefore only consider the arguments raised in Appellant's Brief filed on December 10, 2025.

*Commonwealth v. Dixon*, 276 A.3d 794, 799 (Pa. Super. 2022) (citations, brackets, and quotation marks omitted).

Because the Commonwealth proved its case against Holloman beyond a reasonable doubt at trial, any alleged defects in his preliminary hearing are moot. Furthermore, the PCRA court aptly held that prior counsel cannot be found ineffective for failing to predict a change in the law, therefore, counsel was not ineffective, as the preliminary hearing here was held in 2013 but *McClelland* was not decided until 2020. *See* PCRA Court Opinion, 3/20/25, at 11-12.

We therefore agree with the PCRA court that Holloman's PCRA petitions were without merit. We affirm the orders dismissing his PCRA petitions.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/22/2026

- 12 -